UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHELDON ROMERO, Individually and On : 
Behalf of All Others Similarly Situated, : Case No: 14-cv-3653-AT
                                                   Plaintiff(s), :
         -against- :

ABCZ CORP., ABCZ II MGMT. CORP., :
SUSHI FUN DINING & CATERING, INC., :
PACIFIC CLUB HOLDINGS, INC., WEST :
20TH ENTERPRISES CORP., SELIM :
"SAM" ZHERKA and JOHN DOES #1-10, :
Jointly and Severally, :
                                                 Defendants. :

---

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARY SITUATED

---

Law Offices of Nichelle A. Johnson, PLLC
Nichelle A. Johnson, Esq.
240 North Avenue, Suite 215
New Rochelle, NY 10801
Tel: (914) 633-4102

# TABLE OF CONTENTS

TABLE OF AUTHORITIES----------------------------------------------------------3-4

INTRODUCTION-------------------------------------------------------------------5

PRELIMINARY STATEMENT--------------------------------------------------------5-6

BACKGROUND---------------------------------------------------------------------6-8

ARGUMENT-----------------------------------------------------------------------8-15

    I.    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR
           CONDITIONAL COLLECTIVE ACTION CERTIFICATION
           A. Plaintiff has not established that the Putative Class
               Members Are Similarly Situated
    2.    PLAINTIFF'S PROPOSED FORM of NOTICE IS IMPROPER

CONCLUSION---------------------------------------------------------------------15

# TABLE OF AUTHORITIES

## Cases Cited

Charles Alan Wright, Arthur R. Miller & Mar K. Kane, Federal Practice & Procedure Section 1807----------9

Colozzi v. St. Joseph's Hosp. Health Ctr., ----------10
595 F. Supp. 2d 200 (N.D.N.Y. 2009)

Diaz v. Electronics Boutique of America, Inc., ----------8
2005 WL 2654270 (W.D.N.Y.)

Gjurovich v. Emmanuel's Marketplace, Inc.----------13
282 F. Supp. 2d 91 (S.D.N.Y. 2003)

Guan Ming Lin v. Benihana Nat'l Corp.,----------9
755 F.Supp. 2d 504 (S.D.N.Y.2010)

Guzman v. VLM, Incl. ----------13
2007 WL 2994278 (E.D.N.Y.)

Hallissey v. America Online, Inc.----------14
2008 WL 465112 (S.D.N.Y.)

Hoffman-La Roche, Inc. v. Sperling----------12
493 U.S. 165, 110 S. Ct. 482 (1989)

Levinson v. Primedia Inc., ----------9
2003 WL 22533428 (S.D.N.Y.)

Mazur v. Olek Lejbzon & Co, ----------14
2005 WL 3240472 (S.D.N.Y.)

*Morales v. Plantworks, Inc.*, ----------9
2006 WL 278154 (S.D.N.Y.)

Prizmic v. Armour, Inc., ----------10
2006 WL 1662614 (E.D.N.Y.)

Roebuck v. Hudson Valley Farms, Inc.,----------13
239 F. Supp 2d 234 (N.D.N.Y. 2002)

## Statutes Cited

Fair Labor Standards Act §16(b)------------------------------------------------------------5,6,8

29 U.S.C. Sections 201

New York Labor Law §§190, 650----------------------------------------------------------5,6

Fed. R. Civ. P.R. 23-------------------------------------------------------------------------6

Fed. R. Civ. P.R. 26(c)----------------------------------------------------------------------8

## INTRODUCTION

Defendants ABCZ CORP., ABCZ II MGMT. CORP., SUSHI FUN DINING & CATERING, INC., PACIFIC CLUB HOLDINGS, INC., WEST 20TH ENTERPRISES CORP., SELIM "SAM" ZHERKA (collectively, "Defendants"), submit this memorandum of law in opposition to a motion by Plaintiff Sheldon Romero (hereinafter, "Plaintiff"), on behalf of himself and all those similarly situated, for conditional class certification and authorization for notice to be issued to all persons similarly situated. As demonstrated herein, Plaintiff's arguments in support of his motion, are entirely without merit and thus Plaintiff's motion should be denied in its entirety.

## PRELIMINARY STATEMENT

Plaintiff is a former disc jockey for Defendants' adult entertainment club, commonly known as "VIP Club," located at 20 West 20th Street, New York, NY. Plaintiff alleges that Defendants misclassified him and other disc jockeys and dancers who provided services to VIP Club from May 21, 2008 through the present, as independent contractors instead of employees, in alleged violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §§190 et seq. and §§ 650 et seq. Plaintiff now seeks, on behalf of himself and all others allegedly similarly situated, to recover unpaid minimum wages allegedly owed them by Defendants.

As set forth below, Plaintiff's evidence fails to satisfy even the minimal evidentiary burden, demonstrating that he was similarly situated with other potential opt-in plaintiffs in order to obtain conditional certification of his collective action. Plaintiff's evidence consists of two declarations – the first by his counsel, Brent E. Pelton, Esq. and

the second, by himself. But Plaintiff's own Declaration illustrates that he has no personal knowledge of whether other disc jockeys or in particular, the dancers who provided services to VIP Club, were actually misclassified or earned a minimum wage. Defendants submit a Declaration by Maurice Kavanagh directly contradicting Plaintiff Romero's Declaration statements.

However, in the event this Court sees fit to conditionally approve notice be issued to prospective opt-in plaintiffs, it is respectfully submitted that Plaintiff's Notice of Lawsuit with Opportunity to Join, submitted with his motion, should not be approved as it is not neutral and it fails to fully inform the opt-in plaintiffs of the nature of this action and their rights and obligations, should they choose to opt-in.

## BACKGROUND

Plaintiff Sheldon Romero (hereinafter, "Plaintiff") filed a Complaint in the within action on May 21, 2014, purporting to bring an action to recover unpaid minimum wages owed to him pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §190 et seq. and sections §650 et seq. Plaintiff is also suing for Defendants' alleged failure to provide proper wage notices and statements pursuant to the NYLL and brings an FLSA claim on behalf of himself and all other similarly situated employees of Defendants and a NYLL claim on behalf of himself and a Federal Rule of Civil Procedure 23 class of all disc jockeys and dancers who worked for Defendant's adult entertainment club in New York. He brings such claims individually and on behalf of all others similarly situated, as class representative, attempting to certify a collective class action lawsuit.

6

Defendants filed their Answer and Amended Answer on August 12, 2014 and September 26, 2014 respectively, denying Plaintiff's claims and setting forth numerous affirmative defenses. Copies of pleadings are annexed to the Nichelle Johnson Declaration as Exhibit "A."

Defendants ABCZ CORP., ABCZ II MGMT. CORP, PACIFIC CLUB HOLDINGS, INC., SUSHI FUN DINING & CATERING, INC. and WEST 20TH ENTERPRISES CORP. are all active, domestic business corporations with offices in New York. SELIM "SAM" ZHERKA is an individual residing in Westchester, New York and a part owner of "VIP Club."

Sheldon Romero, the only named plaintiff, alleges that he worked for Defendants from January 26, 2008 to April 22, 2014 (See Romero Declaration, attached to Plaintiff's moving papers) and during that time, he alleges that Defendants misclassified him as an independent contractor when he should have been classified as an employee and, as a result, he alleges Defendants failed to pay him minimum wages, in accordance with the FLSA the New York Labor Law.

On October 3, 2014, Plaintiff served the instant motion for collection action certification and authorization for notice to be issued to all potential opt-in plaintiffs.

In the interim, Plaintiff served numerous discovery demands on Defendants, including demands for interrogatories, documents and Requests for Admissions, with respect to himself and other disc jockeys and dancers at VIP Club who performed services from May 21, 2008 to the present. Putting aside the overly broad, unduly burdensome, irrelevant and ambiguous nature of these discovery requests, these demands seek information which Defendants have sought to protect against disclosing this

information which comprises Defendants' proprietary business model which is purposefully kept confidential and is not shared, published or generally known.

To that end, Defendants are filing simultaneously with this opposition, a request for a pre-motion conference seeking a Protective Order, pursuant to FRCP 26(c), in connection with any information sought with respect to dancers. Attached to the Nichelle A. Johnson Declaration as Exhibit "B" is a copy of Defendants' pre-motion letter, filed with the Court, along with a Declaration from Alvan L. Bobrow, Esq., Partner at Mayer Brown's Tax Transactions & Consulting Practice.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY HIS FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

A. Plaintiff Has Not Established that the Putative Class Members are Similarly Situated

First and foremost, Plaintiff has submitted absolutely no evidence demonstrating that the putative FLSA class members (i.e. the dancers) are similarly situated to him. Thus the Court should not authorize notice in response to Plaintiff's motion for conditional collective action certification. Plaintiff has attempted to lump the dancers under the same umbrella as the disc jockeys, when in fact their arrangement providing services at Defendants' establishment is and has always been entirely different. Nowhere in his Declaration does Plaintiff set forth any sufficient facts evidencing the contrary.

It is well settled that Plaintiffs have the burden of demonstrating that they are "similarly situated to members of their proposed collective action." *Diaz v.*

*Electronics Boutique of America, Inc.*, 2005 WL 2654270 at *3 (W.D.N.Y.)."While the factual showing that [a plaintiff] must make at this stage is "modest," it must be 'sufficient to demonstrate that [she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Levinson v. Primedia Inc.*, 2003 WL 22533428 at *1 (S.D.N.Y.) (denying the plaintiff's request to authorize notice to potential class members where plaintiff failed to demonstrate that the putative class members were similarly situated).

Here, Plaintiff fails to offer any facts in his Declaration (hereinafter, "Romero Declaration"), demonstrating the dancers are similarly situated himself. Rather than offer any statements, declarations or affidavits from dancers, he makes odd references of his being "aware" of their situations. Being "aware" is quite different from "having knowledge of" or having a factual basis for.

Specifically, Plaintiff stated in his Declaration, "I am aware of this because many dancers approached me in the DJ booth to complain…" (See Romero Declaration, Paragraph 9, attached to Plaintiff's motion.) This certainly doesn't rise to the level of giving Plaintiff a legitimate factual basis to support his contention that the dancers were similarly situated to him.

On the contrary, Plaintiff's Declaration sets forth nothing more than conclusory allegations which are insufficient to support his argument that they are/ were similarly situated to him. See *Morales v. Plantworks, Inc.*, 2006 WL 278154 (S.D.N.Y.) (denying motion for conditional class certification where motion was based on conclusory allegations). See also, Charles Alan Wright, Arthur R. Miller & Mar K. Kane, Federal Practice & Procedure Section 1807 (3d ed. 2005) ("Conclusory

allegations are not sufficient…courts require that there be some factual support and affidavits showing that the class members are "similarly situated.'") *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F.Supp.2d 504, 509, 512–13 (S.D.N.Y.2010) (denying conditional certification when plaintiffs "failed to present their allegations with sufficient specificity").

Similarly, Plaintiff's Declaration makes a conclusory statement that Defendants' corporate policy "…applied to all disc jockeys and dancers who worked at VIP Club…" (Romero Declaration, Paragraph 12), yet he offered no substantive facts to support this statement either.

"Although the standard which governs plaintiff's application is lax, and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defendant against FLSA claims involving a broadly defined collective group of plaintiff." *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200 (N.D.N.Y. 2009).

Courts have also held that for a plaintiff to prevail on a motion for collective action certification and judicial notice, "[a] plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations." *Prizmic v. Armour, Inc.*, 2006 WL 1662614. at *2 (E.D.N.Y.).

Here, Plaintiff has failed to establish any such factual nexus between his claims and the claims of those who are allegedly similarly situated, i.e. the dancers. To sustain his burden, Plaintiff must have established that both the disc jockeys and the

dancers were similarly situated with respect to having been denied minimum wage unlawfully. But Plaintiff cannot make any such showing. By the very nature of Plaintiff's own description of the dancers' positions versus his own at VIP Club, Plaintiff's Declaration statements simply fail to create the requisite actual nexus between his alleged causes of action and the dancers.

Further, with respect to comments Plaintiff made in his Declaration about his own disc jockey services he provided to Defendants, Plaintiff admits that he provided his own computer, he provided his own music collection, and was given the freedom to play music from his own collection (Romero Declaration, Paragraph 4). He also alleged in his Declaration that he was told by VIP Club's Sam Kaldas (Romero Declaration, Paragraph 11) that he could not seek employment outside the club, yet upon information and belief, Defendants contend that Plaintiff worked at two other locations during the same time period that he provided disc jockey services to Defendants. All of this points to Plaintiff's status as an independent contractor, separate and apart from the dancers' status.

Plaintiff also detailed in his Declaration, the manner in which he was compensated (Romero Declaration, Paragraph 6.) Again, by the very nature of his work as well as the manner in which he was compensated, Plaintiff was clearly not similarly situated with the dancers at the VIP Club and has failed to sustain his burden of establishing the requisite actual nexus between these the disc jockeys and the dancers.

To reiterate, Plaintiff's conclusory statements are hardly sufficient to meet his burden of establishing he had personal knowledge of whether the dancers were

"similarly situated" to himself with respect to the alleged policy of being denied minimum wages. In any case, Defendant's Declaration contradicts Plaintiff's statements and demonstrates that the dancers at VIP Club were in fact not similarly situated to Plaintiff.

### B. Plaintiff's Proposed Form of Notice is Improper and Not Neutral

Defendants contend that this motion should be denied and no authorization should be given for notice to be issued. However, should this Honorable Court conditionally certify this collective action, it is respectfully submitted that the Notice of Lawsuit With Opportunity to Join, which was proposed by Plaintiff (hereinafter, "Plaintiff's Notice"), is incomplete and misleading. Defendants respectfully submit their counter proposed form of Notice, attached as Exhibit "C" to the Nichelle A. Johnson Declaration, hereinafter, "Defendants Notice."

Upon review of Plantiff's Notice, several glaring omissions are evident. Judicial impartiality is one requirement set forth in Hoffman La-Roche v. Sperling, 493 U.S. 165, 110 S.Ct. 482 (1989). That is, that the Notice should set out a neutral statement of the claims and defenses without any indication of the future outcome in the case (*Gayle v. U.S.*, 85 Fed. Cl. 72, 81 (2008). In this regard, the Notice as prepared by Plaintiff's is NOT neutral for the following reasons:

1. The notice is proposed as an "opportunity" to join, giving the impression that this is not something to be "missed out on" by the prospective opt-in plaintiffs;
2. I. INTRODUCTION – the Notice should be clear that it is Plaintiff who seeks damages for wage notice and wage statement violations…not, "The lawsuit seeks damages." Further, this section should state Defendants' position, not only

Plaintiff's claims. Here, too, a statement should be added stating that "Defendants contend that disc jockeys are properly classified as independent contractors, and further deny that they are liable to the Plaintiff for any damages sought by the Plaintiff." See, e.g. *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 241 (N.D.N.Y. 002) (holding that the notice should contain a statement of defendant's position on the case).

3. II. COMPOSITION OF THE COLLECTIVE ACTION CLASS, draws a conclusion by stating that Plaintiff brings a claim on behalf of himself and on behalf of all other "employees" with whom he is similarly situated (first paragraph of the within section of Plaintiff's Notice). He has not yet legally established that he or any disc jockey or dancer was an employee. The word "employee" should not be set forth in the Notice.

4. Plaintiff's Notice lists Plaintiff's counsel's information no less than four times, yet never lists defense counsel's name or any information; thus Plaintiff's Notice should be further modified to identify the Defendants' attorneys on the notice form. See *Guzman v. VLM, Incl.* 2007 WL 2994278, at 8 (E.D.N.Y.) (holding that courts routinely require that counsel for both parties be listed on the notice form).

5. Furthermore, the notice should be modified to include a statement that "the court has taken no position in this case regarding the merits of the Plaintiff's claims or of the Defendants' defenses." *Gjurovich v. Emmanuel's Marketplace, Inc.* 282 F. Supp. 2d 91, 99 (S.D.N.Y. 2003). Plaintiff's Notice fails to indicate that the Court is neutral.

6. Plaintiff's Notice should have provided that any potential opt in plaintiffs, should send their consent forms to the Clerk of the Court and not to Plaintiff's counsel. Courts in the Second Circuit have routinely required that consent forms be sent to the Clerk of the Court, holding that language directing potential class members to Plaintiff's counsel for further information "improperly discourages class members from seeking outside counsel." See *Hallissey v. America Online, Inc.* 2008 WL 465112, at *4 (S.D.N.Y.).

7. Nor does Plaintiff's Notice make clear that simply because a potential opt-in plaintiff worked at VIP Club within a certain time frame that the prospective opt-in plaintiff necessarily has a valid claim. Thus, courts in the Second Circuit have allowed language to this effect stating that "this notice does not mean you have a valid claim or are entitled to any monetary recovery. Any such determination must still be made by the Court." See *Mazur v. Olek Lejbzon & Co*, 2005 WL 3240472, at *6 (S/D.N.Y.)

8. Next, Plaintiff's notice fails to indicate that a potential opt-in plaintiff is permitted to review the court file in this action. The Notice should state so. It should state that potential opt-in plaintiffs have the right to examine the Court file in this case, in person, at the U.S. Courthouse, 500 Pearl Street, New York, New York and the Notice should also let them know that the case can be viewed using the Court's PACER service.

9. Finally, Plaintiff's Notice fails to fully and accurately describe the effect of joining this case on a potential opt-in plaintiff. Thus, in the section entitled "Effect of Joining This Action" the following language should be added: "You

may also be held liable for costs associated with this lawsuit and for potential counterclaims which could be asserted against you by Defendants." See *Gjurovich*, 282 F. Supp. 2d at 98. To that end, Plaintiff's notice doesn't inform the opt-in plaintiffs of their responsibilities upon joining the lawsuit, including, but not limited to, being asked to appear for depositions, respond to written discovery, testify at trial and pay costs if they do not prevail. See *Hallissey*, 2008 WL 465112, at *4. For all of these reasons, Defendants respectfully request the Court consider the attached counter Notice, should notice be authorized at all in this matter.

## CONCLUSION

For all the reasons set forth above, and in the accompanying Declarations, and the exhibits annexed thereto, The Court should deny Plaintiff's motion in its entirety.

Dated: New Rochelle, NY
       October 17, 2014

                  **Law Offices of Nichelle A. Johnson, PLLC**

                  _/s/ Nichelle Johnson_
                  Nichelle A. Johnson, Esq.
                  240 North Avenue, Suite 215
                  New Rochelle, NY  10801
                  Tel: (914) 633-4102