## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

**THIS SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE** ("Agreement") is entered into by and between **Sheldon Romero** ("Romero" or "Plaintiff"), individually, and **ABCZ Corp., ABCZ II Mgmt. Corp., Sushi Fun Dining & Catering, Inc., Pacific Club Holdings, Inc., West 20th Enterprises Corp.** (and, together with ABCZ Corp., ABCZ II Mgmt. Corp., Sushi Fun Dining & Catering Inc. and Pacific Club Holdings, Inc., "VIP Club" or the "Corporate Defendants"), and their respective subsidiaries, affiliated, and parent companies, predecessors, successors and assigns, as well as their past or present officers, directors, agents, representatives, insurers, employer organizations, or employees, and **Selim "Sam" Zherka** ("Zherka") and **Maurice Kavanagh** ("Kavanagh," and, collectively with Zherka and the Corporate Defendants, the "Defendants"), individually. Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, Plaintiff commenced a lawsuit in the United States District Court for the Southern District of New York under docket number 14-cv-3653 (the "Action"), alleging violations of the New York State Labor Law and the Fair Labor Standards Act;

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiff or others that are contained in Plaintiff's Action;

**WHEREAS**, the parties elected to resolve this matter by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

(a) In consideration for Plaintiff's release of claims as provided in paragraph 2, Defendants, jointly and severally, agree to pay to Plaintiff the total settlement amount of one hundred thousand dollars ($100,000.00) (the "Settlement Amount"), consisting of sixty-four thousand one hundred and eight-one dollars and eighty-seven cents ($64,181.87) and thirty-five thousand eight hundred and eighteen dollars and thirteen cents ($35,818.13) (including $3,727.25 expense reimbursement and $32,090.88 in reasonable attorneys' fees), to be delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006, in the following manner:

- **Payment 1:** One check payable to Pelton Graham LLC in the amount of $8,954.53 and one check payable to Sheldon Romero in the amount of $16,045.47. Payment 1 shall be issued on or before June 3, 2017, or within seven (7) days after approval of this agreement by the Court, whichever comes first.

- **Payments 2-16:** One check payable to Pelton Graham LLC in the amount of $1,790.91 and one check payable to Sheldon Romero in the amount of

$3,209.09. Payments 2-16 shall be made in equal monthly installments starting thirty (30) days after Payment 1.

(b) An IRS form 1099 shall be issued to Plaintiff for the amounts payable in 1(a) above. Plaintiff shall execute and deliver to attorney for Defendants all documents necessary to effect this settlement, including two IRS form W-9s, one executed by Plaintiff and the second by Pelton Graham LLC. An additional IRS form 1099 shall be issued to Pelton Graham LLC and Plaintiffs for the amount allocated to attorneys' fees and costs ($35,818.13). The foregoing checks and IRS forms shall all be delivered to Plaintiff's counsel for distribution to Plaintiff.

(c) In the event Defendants fail to pay the Settlement Payment when due as set forth in paragraph (1)(a) above, Plaintiff's counsel shall send a notice of default to Defendants' attorney, Rex Whitehorn., via overnight traceable mail, either FedEx or UPS, at 11 Grace Avenue, Suite 411, Great Neck, New York 11021 and fax at (516) 829-5190. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff shall be entitled to file the Confession of Judgment in the form attached hereto as Exhibit A, and to enter judgment in the amount of 150% of the Settlement Amount. Plaintiff shall hold the Confession of Judgment in escrow pending payment in full of the Settlement Amount.

2. **Wage and Hour Release.**

(a) In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Amount, Plaintiff, with the intention of binding himself, his heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing overtime pay, wage payments, failure to provide wage statements and/or wage notices, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the FLSA, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, all other statutes and regulations related to the foregoing, and all claims that were made or could have been made in this case.

(b) However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law, and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

(c) This Agreement and the release and discharge contained in this paragraph 2 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers,

directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

3.  **Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiff and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

4.  **Voluntary Dismissal with Prejudice.**

(a) Plaintiff hereby authorizes and directs his attorney, upon his execution of this Agreement, to execute and file with the United States District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this action in the form annexed hereto as Exhibit B.  Such Stipulation shall be filed by counsel for Plaintiff immediately after court approval of this settlement.

(b) Plaintiff hereby authorizes and directs his attorneys to dismiss the action with prejudice.

5.  **Non-Admission.**

This Agreement shall not be construed as an admission by either Party of any wrongdoing or liability of whatever nature. Defendants do not admit to liability or to the suitability of the current action for class or collective litigation, both of which are expressly denied.

6.  **Applicable Law and Continuing Jurisdiction.**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of Magistrate Judge Henry Pitman for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and the settlement contemplated thereby.

7.  **Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of

the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

### 8.   Breach of Agreement

The judges presiding over the Action in the United States District Court of the Southern District of New York, specifically Judge Valerie E. Caproni and Magistrate Judge Henry B. Pitman, will retain jurisdiction over the Action to enforce the parties' Agreement. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be determined solely by the judges presiding over the Action. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

### 9.   Severability.

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

### 10.   No Other Representations or Agreements.

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

### 11.   No Modification Except in Writing.

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

### 12.   Execution in Counterpart.

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**13.   BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

Plaintiff:

_____

Sheldon Romero

Dated: May _23_, 2017

**Defendants:**

_____

ABCZ Corp.

By _____

Dated: May ____, 2017

_____

ABCZ II Mgt. Corp.

By _____

Dated: May ____, 2017

_____

Sushi Fun Dining & Catering, Inc.

By _____

Dated: May ____, 2017

Pacific Club Holdings, Inc.

By _____

Dated: May ____, 2017

_____

West 20th Enterprises Corp.

By _____

Dated: May ____, 2017

5

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

**Plaintiff:**

_____                    Dated: May _____, 2017
Sheldon Romero

**Defendants:**

_____                    Dated: May 25, 2017
ABCZ Corp.

By _____ SAM Zherka _____

_____                    Dated: May 25, 2017
ABCZ II Mgt. Corp.

By Dominica O'Neill

_____                    Dated: May 25, 2017
Sushi Fun Dining & Catering, Inc.

By Maurice Kavanagh

_____                    Dated: May 25, 2017
Pacific Club Holdings, Inc.

By Dominica O'Neill

_____                    Dated: May 25, 2017
West 20th Enterprises Corp.

By Maurice Kavanagh

_____                    Dated: May 25, 2017
Selim "Sam" Zherka, Individually

_____                    Dated: May 25, 2017
Maurice Kavanagh, Individually

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHELDON ROMERO, Individually and On Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | 14 Civ. 3653 (VEC) |
| -against- | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| **ABCZ CORP., ABCZ II MGMT. CORP., SUSHI FUN DINING & CATERING, INC., PACIFIC CLUB HOLDINGS, INC., WEST 20TH ENTERPRISES CORP., SELIM "SAM" ZHERKA and JOHN DOES #1-10, Jointly and Severally,** | |
| **Defendants.** | |

MAURICE KAVANAGH, hereby deposes and states:

1. Deponent Maurice Kavanagh is an officer/shareholder of Defendants Sushi Fun Dining & Catering, Inc. and West 20th Enterprises Corp, as well as a part-owner of VIP Club in the above-entitled action.

2. Deponent resides at _____, County of _____, State of New York.

3. Deponent hereby confesses judgment herein and authorizes entry thereof against Deponent in the sum of one hundred and fifty thousand dollars ($150,000.00), less any payments already received by Plaintiff Romero.

4. This Confession of Judgment is for debt justly due to the Plaintiff arising out of the settlement of his claims in an action entitled Sheldon Romero, Individually and on Behalf of All Other Similarly Situated v. ABCZ Corp., ABCZ II Mgt. Corp., Sushi Fun Dining & Catering, Inc., Pacific Club Holdings, Inc., West 20th Enterprises Corp., Selim "Sam"

1

Zherka and John Does #1-10, Jointly and Severally, Civil Action No. 14-CV-5060, filed in the United States District Court for the Southern District of New York.

5. The clerk of the court is directed to enter judgment against MAURICE KAVANAGH, an individual, upon the submission to the clerk of the court of:

   a) an affidavit of plaintiff's counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, and,

   b) an affidavit stating the balance then due and owing at the time of default.

6. Defendants' counsel is entitled to notice of entry of the Affidavit of Confession of Judgment to be sent to Rex Whitehorn, Esq. by facsimile to (516) 829-5190 and by overnight traceable mail, either FedEx or UPS, to 11 Grace Avenue, Suite 411, Great Neck, New York 11021.

7. After entry of the judgment, the Plaintiff shall have the right to enforce his judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

8. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

9. This confession of judgment is not based on a consumer credit transaction.

_____
MAURICE KAVANAGH

STATE OF NEW YORK          }
                           } ss.:
COUNTY OF                  }

2

On the _24th_ day of _MAY_ in the year 2017, before me, the undersigned, a notary public in and for the State of New York, personally appeared _Maurice Karam_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELDON ROMERO, Individually and On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>-against-<br><br>ABCZ CORP., ABCZ II MGMT. CORP., SUSHI FUN DINING & CATERING, INC., PACIFIC CLUB HOLDINGS, INC., WEST 20TH ENTERPRISES CORP., SELIM "SAM" ZHERKA and JOHN DOES #1-10, Jointly and Severally,<br><br>                     Defendants. | 14 Civ. 3653 (VEC)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

SELIM "SAM" ZHERKA, hereby deposes and states:

1. Deponent Selim "Sam" Zherka is a defendant in the above captioned action.

2. Defendant resides at _____, County of _____, State of New York.

3. Defendant hereby confesses judgment herein and authorizes entry thereof against Defendant in the sum of one hundred and fifty thousand dollars ($150,000.00), less any payments already received.

4. This Confession of Judgment is for debt justly due to the Plaintiff arising out of the settlement his claims against Defendant in an action entitled Sheldon Romero, Individually and on Behalf of All Other Similarly Situated v. ABCZ Corp., ABCZ II Mgt. Corp., Sushi Fun Dining & Catering, Inc., Pacific Club Holdings, Inc., West 20th Enterprises Corp., Selim "Sam" Zherka and John Does #1-10, Jointly and Severally, Civil Action No. 14-CV-5060, filed in the United States District Court for the Southern District of New York.

5. The clerk of the court is directed to enter judgment against SELIM "SAM" ZHERKA, an individual, upon the submission to the clerk of the court of:

   a) an affidavit of plaintiff's counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, and,

   b) an affidavit stating the balance then due and owing at the time of default.

6. Defendants' counsel is entitled to notice of entry of the Affidavit of Confession of Judgment to be sent to Rex Whitehorn, Esq. by facsimile to (516) 829-5190 and by overnight traceable mail, either FedEx or UPS, to 11 Grace Avenue, Suite 411, Great Neck, New York 11021.

7. After entry of the judgment, the plaintiff shall have the right to enforce his judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

8. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability.  This confession of judgment is for a sum liquidated in amount that is due and owing.

9. This confession of judgment is not based on a consumer credit transaction.

_____

SELIM "SAM" ZHERKA

STATE OF NEW YORK        }
                         } ss.:
COUNTY OF *Westchester*  }

On the 24th day of May in the year 2017, before me, the undersigned, a notary public in and for the State of New York, personally appeared *Selim Zherka*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his

capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public

VIVIAN LEE
Notary Public, State of New York
No. 02LE6304668
Qualified in Westchester County
My Commission Expires June 02, 2018

3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELDON ROMERO, Individually and On Behalf of All Others Similarly Situated, | 14 Civ. 3653 (VEC) |
| Plaintiff, | STIPULATION OF DISMISSAL |
| -against- | |
| ABCZ CORP., ABCZ II MGMT. CORP., SUSHI FUN DINING & CATERING, INC., PACIFIC CLUB HOLDINGS, INC., WEST 20TH ENTERPRISES CORP., SELIM "SAM" ZHERKA and JOHN DOES #1-10, Jointly and Severally, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41 (a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein to be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint.

IT IS HEREBY FURTHER STIPULATED AND AGREED that this Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

1

PELTON GRAHAM LLC

By: _____
Brent E. Pelton, Esq.
Taylor B. Graham, Esq.
111 Broadway, Suite 1503
New York, New York 10006
Tel.: (212) 385-9700

*Attorneys for Plaintiff*

Rex Whitehorn & Associates, P.C.

By: _____
Rex Whitehorn, Esq.

11 Grace Avenue, Suite 411
Great Neck, New York 11021
Tel.: (516) 829-5000

*Attorney for Defendants*

**SO ORDERED**

DATED this ___day of _____, 2017

_____
HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE

2