```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

SHELDON ROMERO, individually and      :
on behalf of all others similarly
situated,                             :
                                          14 Civ. 3653 (HBP)
                    Plaintiff,        :
                                          OPINION
     -against-                        :   AND ORDER

ABCZ CORP., et al.,                   :

                    Defendants.       :

-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/17

PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 144). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff formerly worked for defendants and seeks, by this action, to recover allegedly unpaid wages. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"). Plaintiff also asserts claims based on defendants' alleged failure to maintain certain records and to provide certain notices as required by the Wage Theft Prevention Act. The action was commenced as a collective action with respect to the FLSA claim and was conditionally certified as such. Although 26

individuals initially opted in to the collective action, they subsequently opted out of it (Opt-Out Statement, filed July 23, 2015 (D.I. 70); Opt-Out Statement, dated Dec. 16, 2016 (D.I. 127)).[1] Thus, the only parties to the settlement are the named plaintiff and the named defendants.

Plaintiff alleges he was employed as a disc jockey at defendants' strip club from approximately January 26, 2008 to April 22, 2014. Plaintiff claims that during this period, he never received any wages from defendants; instead, plaintiff was only compensated by tips from the dancers who worked there. Plaintiff claims he is owed $51,518.19 in unpaid minimum wage and $47,999.09 in liquidated damages, interest and statutory damages for alleged violations of the Wage Theft Prevention Act.

Defendants deny plaintiff's allegations. They dispute the number of hours plaintiff claims to have worked. Defendants also contend that plaintiff was an independent contractor after December 2012, as evidenced by a disc jockey agreement that classified plaintiff as an independent contractor. In support of this argument, defendants assert that plaintiff was directed and controlled not by defendants, but by the dancers.

---

[1] Although the action was also commenced as a putative class action with respect to the Labor Law claims, the parties reached the proposed settlement prior to the matter being certified as a class action.

I held a lengthy settlement conference on April 26, 2017 that was attended by the parties and their counsel. There was a protracted discussion of the strengths and weaknesses of the parties' respective positions. Although the parties did not settle their dispute at the settlement conference, they subsequently reached an agreement after some of the defendants disclosed their financial records.

The parties have agreed to a total settlement of $100,000.00. The parties have also agreed that $3,727.25 of the settlement figure will be allocated to reimburse plaintiff's counsel for their out-of-pocket costs, $32,090.88 (or one-third) of the remaining $96,272.75 will be paid to plaintiff's counsel as fees and the remaining $64,181.87 will be paid to plaintiff.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good

a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their pre-conference submissions and their performance at the settlement conference, it is clear to me that all parties are represented by counsel who are extremely knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective

4

> claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, after deduction of attorneys' fees and costs, the net settlement represents approximately 64.5% of plaintiff's total damages, i.e., actual, liquidated and statutory damages and interest. Thus, the net settlement amount provides plaintiff with almost two-thirds of his claimed damages.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Defendants dispute the number of hours plaintiff claims to have worked. Additionally, the parties disagree whether plaintiff was an employee or an independent contractor. Trial preparation would potentially require additional depositions to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risks of litigation. There can be no assurance concerning the conclusions the fact finder would reach concerning the number of hours worked or plaintiff's status as an employee. Litigation would require testimony as to the nature of plaintiff's duties, which would raise issues of credibility. Thus, it is uncertain

whether, or how much, plaintiff would recover at trial. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, because I presided over the settlement conference that preceded the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached shortly after a

6

mediation before the Court, further negating the possibility of fraud or collusion.

The settlement agreement also contains a release. It provides that plaintiff releases defendants from

> any and all past and present . . . claims . . . of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing overtime pay, wage payments, failure to provide wage statements and/or wage notices, or otherwise arise out of or relate to the facts, acts, transactions, occurrence[s], events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the FLSA, the New York Minimum Wage Act, [NYLL] §§ 650 et seq., the New York Wage Payment Act, [NYLL] §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, all other statutes and regulations related to the foregoing, and all claims that were made or could have been made in this case.
>
> However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law, and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

(Letter from Brent E. Pelton, Esq., Taylor B. Graham, Esq., and Rex Whitehorn, Esq., to the undersigned, dated May 30, 2017 (D.I. 144) ("Pelton Letter"), Ex. 1 § 2(a)-(b)).

This release is problematic because the last clause of the first paragraph quoted above is a general release that runs

only in favor of defendants. Although the first sentence of the release defines "Released Claims" narrowly to include only claims regarding conduct at issue in this lawsuit, the second sentence expands the definition of "Released Claims." Specifically, in the second sentence, "Released Claims" is defined as, inter alia, "all claims that were made <u>or could have been made in this case</u>" (Pelton Letter, Ex. 1 § 2(a) (emphasis added)). Pursuant to Fed.R.Civ.P. 18(a), a party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Thus, plaintiff could have asserted in this action any claim that he had against defendants, even if unrelated to wage-and-hour issues. This makes the parties' release a general release. General releases in FLSA settlements that run only in favor of the defendants has been routinely rejected by courts. See Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL 7839187 at *1 (S.D.N.Y. Dec. 19, 2016) (Pitman, M.J.) (collecting cases). The language emphasized above, therefore, is hereby stricken.[2]

---

[2]My striking this language does not void the settlement agreement because the agreement provides that "[t]he provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application" (Pelton Letter, Ex. 1 § 9). Therefore, the general release provision can
(continued...)

8

The settlement agreement also contains a mutual non-disparagement clause (Pelton Letter, Ex. 1 § 7). Because it includes a carve-out for truthful statements about the litigation, it too is permissible. Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Weng v. T&W Rest., Inc., 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.); see Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.).

The settlement agreement also provides that, after deduction of out-of-pocket costs, one-third of the total settlement amount will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and

---

[2](...continued)
be stricken without affecting the validity of the remaining provisions. See Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.-Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement.

See <u>Hendrickson v. United States</u>, 791 F.3d 354, 358 (2d Cir. 2015).  The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
        June 12, 2017

                                        SO ORDERED

                                        *[signature]*
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

11